UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.:
JOSE MIRABAL,

                    Plaintiff,                              **COMPLAINT**

      -against-

ALUMALINE INC.,                                  Plaintiff Demands a
                                                                    Trial By Jury
                    Defendant.
------------------------------------------------------------------X

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, upon information and belief, complains of the Defendant as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of the New York State Executive Law and the Administrative Code of the City of New York, seeking damages to redress the injuries he has suffered as a result of being harassed and discriminated against by Defendant on the basis of his actual and/or perceived disability, together with retaliation, failure to engage in the interactive process, and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §2000e et. Seq.; 28 U.S.C. §1331 and §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York.  28 U.S.C. §1391(b).

5. On or about January 2, 2020, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about August 17, 2021, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is being brought within ninety (90) days of the Notice of Right to Sue letter.

## PARTIES

8. Plaintiff is a disabled male resident of the State of New York, County of Bronx.

9. At all times material, Defendant ALUMALINE INC. (hereinafter also referred to as "ALUMALINE") was and is a domestic business corporation duly incorporated under the laws of the State of New York.

10. At all times material, Plaintiff was an employee of Defendant ALUMALINE.

## MATERIAL FACTS

11. On or about April 19, 2010, Plaintiff began working for Defendant ALUMALINE as a "Laborer."

12. Plaintiff's job duties included installing, replacing, and repairing windows for Defendant ALUMALINE's customers.

13. Throughout his employment, Plaintiff never received any write-ups, negative reviews, or disciplinary action.

14. On or about May 29, 2019, Plaintiff began to experience shortness of breath and difficulty breathing while at work. Plaintiff's coworker, Henry Crespo, immediately asked Plaintiff if he was okay. Plaintiff replied, "I'm having trouble breathing" but still worked until the end of his shift.

15. Over the next two days, Plaintiff reported to work but continued to experience difficulty breathing.

16. As a result, on or about June 1, 2019, Plaintiff went to Lincoln Medical and Mental Health Center complaining of shortness of breath. Plaintiff was admitted to the hospital and diagnosed with Chronic Obstructive Pulmonary Disease ("COPD") which is a chronic inflammatory lung disease that causes obstructed airflow. Plaintiff's doctor recommended that he remain in the hospital until June 4, 2019.

17. Later that day, Plaintiff called Defendant ALUMALINE's "Supervisor," John (last name currently unknown), and told him that he (Plaintiff) was in the hospital, was diagnosed with COPD, and would not be able to return to work until June 5, 2019. John told Plaintiff not to worry about anything, to concentrate on getting better, and to contact him when he was ready to return to work.

18. Plaintiff's request to have off from work until June 5, 2019 was a request for a reasonable accommodation due to Plaintiff's disability.

19. On or about June 4, 2019, Plaintiff was discharged from the hospital.

20. The next day, on or about June 5, 2019, Plaintiff called Defendant ALUMALINE's "Supervisor," Ralph Hernandez, and stated, "I'm feeling good. When can I return to work?" In response, Mr. Hernandez told Plaintiff to take a couple days off before returning to work. As a result, even though he was cleared to return to work, Plaintiff took a few days off before he returned to work.

21. On or about June 16, 2019, Plaintiff called Mr. Hernandez and told him that he was ready to return to work. Mr. Hernandez instructed Plaintiff to report to work the following day.

22. Accordingly, on or about June 17, 2019, Plaintiff reported to work and worked the entire day without issue.

23. However, on or about June 18, 2019, shortly after Plaintiff arrived at work, Mr. Hernandez told Plaintiff that he was terminated because of "**Medical reasons and because someone told us you were in rehab**."

24. Plaintiff immediately called John to inquire about the status of his employment. During their conversation, John told Plaintiff that Defendant ALUMALINE was speaking with a lawyer regarding Plaintiff's "**Health issues**."

25. On or about June 18, 2019, Defendant ALUMALINE terminated Plaintiff.

26. On or about June 18, 2019, Defendant ALUMALINE terminated Plaintiff because of his disability and/or perceived disability.

27. On or about June 18, 2019, Defendant ALUMALINE terminated Plaintiff because he requested a reasonable accommodation.

28. On or about June 18, 2019, Defendant ALUMALINE terminated Plaintiff in retaliation for his request for a reasonable accommodation and so they would not have to accommodate him in the future.

29. On or about June 24, 2019, Plaintiff went to Defendant ALUMALINE to pick up his last paycheck and to provide documentation confirming that he had been treated for COPD. While there, Plaintiff also asked to speak to John regarding his termination. Defendant ALUMALINE's staff told Plaintiff that John was not in the office, but they would make sure John called Plaintiff back.

30. However, to date, John has not called Plaintiff.

31. Defendant ALUMALINE failed to engage in the interactive process.

32. As a result of Defendant ALUMALINE's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

33. As a result of Defendant ALUMALINE's discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress and physical ailments.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. Defendant ALUMALINE's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law Plaintiff demands Punitive Damages against Defendant.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**

39. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

40. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant.  Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's actual and/or perceived disability.

41. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff on the basis of his actual and/or perceived disability, together with failure to engage in the interactive process, and unlawful termination.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

42. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

    "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. Defendant ALUMALINE engaged in an unlawful employment practice, prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his request for a reasonable accommodation.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## **DISCRIMINATION**

42. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's … disability … to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

44. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff on the basis of his actual and/or perceived disability, together with failure to engage in the interactive process, and unlawful termination.

45. Plaintiff hereby makes a claim against Defendant under all applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## <u>RETALIATION</u>

46. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article."

48. Defendant engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of his request for a reasonable accommodation.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>DISCRIMINATION</u>

46. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived … disability … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

7

48. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of his actual and/or perceived disability, together with failure to engage in the interactive process, and unlawful termination.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

49. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

51. Defendant engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by Title VII, the New York State Executive Law, and the Administrative Code of the City of New York; and that the Defendant harassed and discriminated against Plaintiff on the basis of his actual and/or perceived disability, together with retaliation, failure to engage in the interactive process, and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff Punitive Damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendant, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: September 27, 2021
      New York, New York

      **PHILLIPS & ASSOCIATES, PLLC**
      *Attorneys for Plaintiff*

      */s/ Gregory W. Kirschenbaum*
      Gregory W. Kirschenbaum, Esq.
      45 Broadway, Suite 430
      New York, NY 10006
      (212) 248-7431