UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE MIRABAL,

                                    Plaintiff,

               -against-                           **REPORT & RECOMMENDATION**
                                                                                 21-CV-5356-ENV-SJB

ALUMALINE, INC.,

                                  Defendant.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

       Plaintiff Jose Mirabal ("Mirabal") has filed a motion for default judgment for alleged violations of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") by Defendant Alumaline, Inc. ("Alumaline"). (Notice of Mot. dated Feb. 15, 2022, Dkt. No. 12). On February 16, 2022, the Honorable Eric N. Vitaliano referred the motion to the undersigned for a report and recommendation. For the reasons explained below, it is respectfully recommended that the motion be denied, but that Mirabal be permitted to file an Amended Complaint, serve the new pleading, and then seek to obtain a default judgment again, if appropriate.

       The only federal claim pled in Mirabal's Complaint alleges a violation of Title VII. (*See* Compl. dated Sept. 27, 2021 ("Compl."), ¶¶ 39–44). Mirabal does not seek entry of judgment on this claim. Instead, he seeks to impose liability under the ADA. The problem is that the Complaint makes no mention of the ADA. There is no ADA claim pled. (*See id.* ¶¶ 39–51). Mirabal, nonetheless, argues that the Court should enter judgment on an ADA claim. (Mem. of Law in Supp. of Pl.'s Mot. for Default J. dated

1

Feb. 15, 2022 ("Mem."), Dkt. No. 15 at 6–10). The Court cannot grant a default judgment on a claim that is not pled. Plaintiff suggests that a correct citation to a statute is unnecessary, and liability may be imposed on the Complaint, so long as there are sufficient facts pled to state *any* legal claim. (*Id.* at 6–7). Plaintiff's argument misapprehends the governing law on this point of procedure. Some background is appropriate.

In *Johnson v. City of Shelby*, the Supreme Court reversed a district court's dismissal of a civil rights lawsuit in which the plaintiffs sought monetary relief from the city defendants for constitutional violations but failed to cite to section 1983 in their complaint. 574 U.S. 10, 10–11 (2014). It explained that a plaintiff must simply "plead facts sufficient to show that her claim has substantive plausibility." *Id.* at 12. The Court directed that the plaintiffs "on remand, should be accorded an opportunity to add to their complaint a citation to § 1983." *Id.* So quite clearly, a failure to identify the governing law does not warrant a full, with prejudice, dismissal. But, on the other hand, a plaintiff is not permitted to proceed on a complaint that does not apprise the defendant of the basis for the relief sought. The remedy is something in-between: to permit the plaintiff to amend the complaint. *Id.*; *see also Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ("[S]uch a dismissal ordinarily should be accompanied by leave to file an amended complaint.").

Requiring amendment and specific claim identification, rather than simply fast-forwarding to judgment, serves important functions. In a case where the defendant has appeared, it prevents any unfair surprise or sandbagging. If a plaintiff could simply proceed to judgment solely on factual allegations that could support a multitude of legal claims and otherwise delay or prevent identification of its legal claims, a defendant

would not know the full scope of its exposure or available defenses. *Wilson v. Muckala*, 303 F.3d 1207, 1215–16 (10th Cir. 2002) ("[W]e do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order, especially in such cursory form. Such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice. The laudable purpose of Fed. R. Civ. P. 16 is to avoid surprise, not foment it."); *Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591, 594 (2d Cir. 1964) ("One of the prime objectives of this new, but now firmly established procedural device, is to do away with the old sporting theory of justice and substitute a more enlightened policy of putting the cards on the table, so to speak, and keeping surprise tactics down to a minimum."). And in a default situation, a defendant may have chosen not to appear because he decided, based on the particular claims identified, the exposure was not sufficient to justify the expense of defense. But if the claims change after the defendant defaults—to claims where the exposure is more significant— he has little recourse, even though had he known about the new claims earlier, he would have opted to litigate. *Cf. Wilmington PT Corp. v. Gray*, No. 19-CV-1675, 2020 WL 7684876, at *5 (E.D.N.Y. Oct. 22, 2020) ("A defendant's default may well reflect an assessment that litigation is futile because the plaintiff's claims have merit and that no effort to defend against it will change the outcome. . . . [I]f the defendant makes the efficient decision to ignore a defective pleading, and the court permits the plaintiff to cure the defect through some method other than amendment and service of process, the defendant risks an adverse judgment despite never having been served with a pleading that asserted a viable claim."), *report and recommendation adopted*, 2020 WL 7296858, at *1 (Dec. 11, 2020).

3

Mirabal is attempting to use the cases prohibiting dismissal for failure to identify a claim in an entirely different procedural posture. He is using the protection accorded to imperfect pleadings not to ward off dismissal, which is the typical posture—*e.g.*, *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 45–46 (2d Cir. 1997) ("[A]ppellant's failure to cite the correct section of the FCRA does not require us to affirm the dismissal of her complaint so long as she has alleged facts sufficient to support a meritorious legal claim.")—but instead offensively to obtain judgment on a claim he never identified. He identified a Title VII claim in his Complaint and proceeded to obtain a default on that claim. Only when seeking the entry of judgment did he identify the ADA as the statute he intended to prosecute. Changing one's legal theory in a case is certainly permissible, but it cannot be done at the last possible moment.

None of the cases in this area support such a result. *Johnson* certainly did not suggest such a method of obtaining judgment was proper. The case arose after the plaintiffs' section 1983 claims were dismissed on summary judgment, and the Supreme Court held that depriving the plaintiffs of the right to proceed was inconsistent with Rule 8. *Johnson*, 574 U.S. at 11. The requirement that a plaintiff need not plead any legal theory arises from the principles animating Rule 8, which is a threshold bar, necessary to ultimate judgment, but not sufficient to obtain it. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("A complaint under Rule 8 [limits] . . . the claim; details of both fact and law come later, in other documents. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations."). There is a world of difference between being forced

out of court for not citing or identifying, or for omitting, the correct legal theory in a complaint, and what is being sought here.

Even if the Court were to countenance an ADA claim raised for the first time in default judgment practice, Mirabal is incorrect that the Complaint actually states an ADA claim. The ADA prohibits a "covered entity" from discriminating against "a qualified individual on the basis of disability[.]" 42 U.S.C. § 12112(a). "[C]overed entit[ies]" include, among other kinds of institutions, "employer[s]." *Id.* § 12111(2). And an "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year[.]" *Id.* § 12111(5)(A). To establish a *prima facie* case under the ADA, a plaintiff must plead that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting *Heyman v. Queens Vill. Comm. for Mental Health*, 198 F.3d 68, 72 (2d Cir. 1999)).

Mirabal has failed to allege that defendant Alumaline employed 15 or more employees and has therefore failed to plausibly allege that Alumaline is an "employer" subject to the ADA. Mirabal's only description of Alumaline's employees is in the context of identifying three individuals he spoke with when he first became ill and when he later sought to return to work. (Compl. ¶¶ 14–30). And Mirabal does not describe Alumaline's business, where and how it operated, or the nature of his own work in any factual detail sufficient to give rise to a reasonable inference that Alumaline is an "employer" subject to the ADA. (*See id.* ¶¶ 9–12) (identifying Alumaline as a New York

5

corporation and describing Mirabal's work as a laborer whose job duties "included installing, replacing, and repairing windows"). Accordingly, Mirabal has failed to state a claim under the ADA. Failure to establish Alumaline's liability requires denial of the motion. *E.g.*, *Mohan v. La Rue Distrib.'s Inc.*, No. 06-cv-621, 2007 WL 3232225, at *1–*2 (E.D.N.Y. Oct. 31, 2007) (denying motion for default judgment on ADA claim where plaintiff failed to allege defendant was a covered entity that employed 15 or more people); *Schall v. Ronak Foods*, 19-cv-01463, 2019 WL 4034765, at *2 (E.D. Pa. Aug. 27, 2019) (same); *Clark v. Three Mulligans, LLC*, 13-cv-1801, 2015 WL 105880, at *3 (M.D. Fla. Jan. 6, 2015) (adopting report and recommendation) (same).

## CONCLUSION

The Court, therefore, respectfully recommends that the motion for default judgment be denied. Mirabal may file an Amended Complaint by **14 days** after the Court's decision on this Report and Recommendation.[1] And Mirabal may, thereafter, proceed to default judgment practice after serving the Amended Complaint, allowing the necessary time to respond, and obtaining a default from the Clerk.

Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the

---

[1] If Mirabal does not file an Amended Complaint, it is respectfully recommended that the Title VII claims raised in Mirabal's Complaint be dismissed without prejudice, since Mirabal did not seek judgment on these claims in his motion for default judgment. Should the Court dismiss the federal claims in this action, it is respectfully recommended that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. *See, e.g.*, *Williams v. Geiger*, 447 F. Supp. 3d 68, 89 (S.D.N.Y. 2020) (declining to exercise supplemental jurisdiction over NYSHRL and NYCHRL claims where federal claims dismissed); *Hernandez v. City of New York*, No. 11 Civ. 6644, 2015 WL 321830, at *25–*26 (S.D.N.Y. Jan. 23, 2015) (same).

District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision.") (quotations omitted).

                                              SO ORDERED.

                                              */s/ Sanket J. Bulsara* April 11, 2022
                                              SANKET J. BULSARA
                                              United States Magistrate Judge

Brooklyn, New York