UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSE MIRABAL,

                         Plaintiffs,

   -against-                                  **REPORT AND RECOMMENDATION**
                                                           21-CV-5356-ENV-SJB

ALUMALINE, INC.,

                         Defendant.
-------------------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

On April 11, 2022, this Court issued a Report and Recommendation which recommended Plaintiff Jose Mirabal's motion for default judgment be denied. (R. & R., Dkt. No. 18). The recommendation was based, in part, on the fact that Mirabal, having pled a claim for violation of Title VII, sought to impose liability under the Americans with Disabilities Act ("ADA"). (R. & R. at 1). The Court rejected the argument that notwithstanding the failure to plead an ADA claim, judgment on such a claim could nonetheless be imposed. (*Id.*). The Court noted:

> Even if the Court were to countenance an ADA claim raised for the first time in default judgment practice, Mirabal is incorrect that the Complaint actually states an ADA claim. The ADA prohibits a "covered entity" from discriminating against "a qualified individual on the basis of disability[.]" 42 U.S.C. § 12112(a). "[C]overed entit[ies]" include, among other kinds of institutions, "employer[s]." *Id.* § 12111(2). And an "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year[.]" *Id.* § 12111(5)(A). To establish a *prima facie* case under the ADA, a plaintiff must plead that: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting *Heyman v. Queens Vill. Comm. for Mental Health*, 198 F.3d 68, 72 (2d Cir. 1999)).

> Mirabal has failed to allege that defendant Alumaline employed 15 or more employees and has therefore failed to plausibly allege that Alumaline is an "employer" subject to the ADA. Mirabal's only description of Alumaline's employees is in the context of identifying three individuals he spoke with when he first became ill and when he later sought to return to work. (Compl. ¶¶ 14–30). And Mirabal does not describe Alumaline's business, where and how it operated, or the nature of his own work in any factual detail sufficient to give rise to a reasonable inference that Alumaline is an "employer" subject to the ADA. (*See id.* ¶¶ 9–12) (identifying Alumaline as a New York corporation and describing Mirabal's work as a laborer whose job duties "included installing, replacing, and repairing windows"). Accordingly, Mirabal has failed to state a claim under the ADA. Failure to establish Alumaline's liability requires denial of the motion. *E.g.*, *Mohan v. La Rue Distrib.'s Inc.*, No. 06-cv-621, 2007 WL 3232225, at *1– *2 (E.D.N.Y. Oct. 31, 2007) (denying motion for default judgment on ADA claim where plaintiff failed to allege defendant was a covered entity that employed 15 or more people); *Schall v. Ronak Foods*, 19-cv-01463, 2019 WL 4034765, at *2 (E.D. Pa. Aug. 27, 2019) (same); *Clark v. Three Mulligans, LLC*, 13-cv-1801, 2015 WL 105880, at *3 (M.D. Fla. Jan. 6, 2015) (adopting report and recommendation) (same).

(*Id.* at 5–6). The Report and Recommendation was adopted in full by District Judge Vitaliano. (Order Adopting R. & R. dated May 11, 2022). Mirabal was granted until May 25, 2022, to file an Amended Complaint.

The Amended Complaint fails to address the deficiencies in the Court's Report and Recommendation. (Am. Compl., Dkt. No. 19). That is, in the Amended Complaint, Mirabal again fails to plausibly allege that Alumaline is a "covered employer" under the ADA. The Amended Complaint contains the same exact allegations the Court found deficient previously: that Alumaline is a New York corporation and that Mirabal's duties related to window installation and repair. (*Id.* ¶¶ 9-12). Nowhere does the Amended Complaint allege that Alumaline employed more than "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A).

2

Mirabal asserts in his memorandum of law that Alumaline admitted that it is an ADA-covered employer when it responded to Mirabal's EEOC complaint. (Pl.'s Mem. of Law, Dkt. No. 34 at 8). This fact is nowhere in the Amended Complaint; a lawyer's brief cannot fill the gap in a party's pleadings. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (finding allegations raised for the first time in a memoranda did not amend the complaint); *see also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F.Supp.3d 610, 625 (S.D.N.Y 2018) ("[A] party cannot amend its pleadings through a brief[.]"); *see also Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010) ("Courts in this Circuit has made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss."). Even putting aside that Mirabal did not include this fact in his pleadings, the document that constitutes Alumaline's supposed admission does not say what Mirabal contends. (March 2021 Answer to EEOC Charge, attached as Ex. K to Aff. of Gregory W. Kirschenbaum dated Apr. 14, 2023, Dkt. No. 33-11). In the document, Alumaline states "[d]epending on the time of the year, [Alumaline has] . . . anywhere between 17 and 24 employees." (*Id.* at 3). To be sure, 17 is greater that 15, but that does not establish employer status without knowing whether those employees worked "for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A). Nothing in the EEOC document states how often employees worked, or the number of weeks employees worked; given the statement that "depending upon the time of year," there is reason not to assume that the business was open 5 days a week for more than 20 weeks a year.

3

These are easy problems to fix. *See, e.g., Escaleira v. Energy Rsch. Grp., Inc.*, No. 18-CV-2485, 2020 WL 13659462, at *1 (E.D. Pa. Mar. 12, 2020) ("Plaintiff alleges that Defendant maintained or maintains fifteen or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year. At this phase of litigation, the Court must accept as true all well-pleaded allegations of fact in Plaintiff's complaint." (internal citations omitted)). Having had the deficiencies in the original Complaint identified for him, Mirabal could have alleged the requisite facts in the Amended Complaint, and the Court could have proceeded to recommend default judgment be entered. But having failed to do so, the Court cannot simply assume the existence of facts that must be pled by a plaintiff. The Amended Complaint does not state an ADA claim. *See supra* at 2–3; *see also Ming v. Atlanta Carpet & Air Duct Cleaning, LLC*, No. 18-CV-5060, 2019 WL 13290389, at *3 (N.D. Ga. July 30, 2019) (collecting cases) ("[C]ourts around the country have routinely dismissed ADA complaints where a plaintiff fails to allege that the defendant has 15 or more employees. Plaintiff's complaint here fails to make any allegation that Defendant employed 15 or more employees, or otherwise plead that Defendant is a covered employer under the ADA, and therefore it should be dismissed." (internal citations omitted)), *report and recommendation adopted*, 2019 WL 13292755 (Aug. 27, 2019).[1]

---

[1] And having found that there is no ADA claim stated, the Court recommends that supplemental jurisdiction not be exercised over Mirabal's non-federal claims. *Berkery v. Archdiocese of Hartford*, 352 F. App'x 487, 490 (2d Cir. 2009) ("Because the district court's subject matter jurisdiction was predicated on the federal questions presented by Berkery's claims under ERISA and the ADA, it did not err in declining to exercise supplemental jurisdiction over plaintiffs' state-law claims after dismissing the federal claims.").

4

There is a separate and independent problem with Mirabal's motion. It fails to comply with Local Rule 55.2. Local Civil Rule 55.2 requires that default judgment papers be mailed to the defendant at "the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c). But they were not. And this defect is a sufficient independent basis to deny default judgment because compliance with Local Rule 55.2 is strictly construed. *See, e.g.*, *United States v. Hamilton*, No. 18-CV-2011, 2019 WL 6830318, at *2–*3 (E.D.N.Y. Nov. 26, 2019) (recommending denial of motion for default judgment because plaintiff failed to follow Local Rule 55.2(c) and noting that "courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking"), *report and recommendation adopted*, 2019 WL 6828276, at *1 (Dec. 13, 2019); *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203, 2023 WL 2347885, at *4 (E.D.N.Y. Mar. 3, 2023) (denying default judgment motion in light of failure to serve motion papers at individuals' last known residence in compliance with Local Rule 55.2) (adopting report and recommendation); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (denying default judgment motion against individuals in part for "fail[ure] to include … proof of mailing that this motion was served upon defaultees' last known mailing address"); *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182, 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015) ("[I]t is not clear that these documents were mailed to Apex at the last known business address of such party. Plaintiff's failure to comply with Local Civil Rule 55.2 alone warrants denial of the motion, without prejudice to renew with an affidavit demonstrating proper service." (quotations and citations omitted)) (collecting cases), *report and recommendation adopted*, 2015 WL 7430008, at *3 (Nov. 23, 2015).

5

Mirabal should be given one final opportunity to cure the deficiencies identified. And as such, the Court respectfully recommends that the motion for default judgment be denied, the Clerk be directed to vacate the pending default against Alumaline, and Mirabal be directed to file an Amended Complaint within 2 weeks of final decision on this Report and Recommendation.  Thereafter, if Alumaline again fails to appear or respond, Mirabal can seek a default and if appropriate, a default judgment, complying with Local Rule 55.2.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara   11/27/2023*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York